

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re:  GEMCRAFT HOMES, INC., | CASE NO. 09-31696 (NVA) |
| Debtor. | (CHAPTER 11) |
| In re: Gemcraft Homes, Inc. | Case No. 09-31696 (NVA) |
| DLM, LLC | Case No. 09-31702 (NVA) |
| Gemcraft Homes Group, Inc. | Case No. 09-31703 (NVA) |
| Gemcraft Homes Forest Hill, LLC | Case No. 09-31704 (NVA) |
| Gemcraft Chesapeake, LLC | Case No. 09-31706 (NVA) |
| Harkins Property, LLC | Case No. 09-31707 (NVA) |
| The Preserves at Jefferson Creek, LLC | Case No. 09-31708 (NVA) |
| S & M Properties, LLC, | Case No. 09-31709 (NVA) |
| Debtors. | (Jointly Administered Under Case No. 09-31696 (NVA)) |

### AMENDMENT TO FINAL ORDER (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364, (II) AUTHORIZING DEBTORS' LIMITED USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (III) GRANTING ADEQUATE PROTECTION TO MANUFACTURERS AND TRADERS TRUST COMPANY PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364, AND (IV) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

Upon consideration of the Debtors' ("Debtors") Motion ("Motion") dated January 19, 2010, in the above-captioned duly administered chapter 11 cases (the "Chapter 11 Cases" or the "Cases"), for the entry of an Order approving (a) an Amendment to the Final Order (i) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364, (ii)

Authorizing Debtors' Limited Use of Cash Collateral Pursuant to 11 U.S.C. § 363, and (iii) Granting Adequate Protection to Manufacturers and Traders Trust Company ("M&T Bank") pursuant to 11 U.S.C. § 361, 362, 363 and 364, entered in the Chapter 11 Cases as Docket 218 on December 15, 2009 ("Final Order")[1], and (b) an Amendment to the DIP Credit Documents approved pursuant to the Final Order, and upon the record of these cases, including any hearing held in connection with the Motion, and good and sufficient cause appearing therefore, it is hereby, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    *Approval of Motion and Amendment to DIP Credit Agreement.*.   The Motion is hereby granted.  Any objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits. The Amendment to the DIP Credit Agreement attached to the Motion as Exhibit A ("Amendment"), and the terms and conditions thereof, are hereby approved in their entirety. This Order shall be binding on all parties-in-interest and effective immediately upon its entry.  All amounts now or hereafter borrowed by the Subject Debtors from DIP Lender under the DIP Facility are subject to the terms and conditions of the DIP Credit Agreement as amended and modified pursuant to the Amendment and the other DIP Credit Documents. To the extent the terms of the DIP Credit Agreement as amended pursuant to the Amendment or any of the other DIP Credit Documents differ in any respect from the terms of the Final Order as amended hereby, the Final Order as amended hereby shall govern and control.

2.    *Authority To Enter Into Amendment and Incur Indebtedness Contemplated Thereby*. The Subject Debtors are hereby authorized and directed to enter into the

---

[1]   All defined terms set forth in the Final Order, the DIP Credit Agreement and the other DIP Loan Documents referenced in the Final Order shall have the same meaning in the event that such terms are utilized herein and are not otherwise defined in this Order.

45674/0002-6254924v5

Amendment and such additional documents, instruments, and agreements as may now or hereafter be required by the DIP Lender to implement the terms or effectuate the purposes of the Amendment, this Order, the DIP Credit Documents and the Final Order as amended thereby. The Guarantors that are debtors-in-possession in these Chapter 11 Cases are hereby authorized to guarantee all borrowings under the DIP Facility in accordance with the terms of the Final Order as amended hereby, the DIP Credit Agreement as amended pursuant to the Amendment, and the other DIP Credit Documents.  The Subject Debtors are authorized to comply with and perform all of the terms and conditions contained in the DIP Credit Agreement as amended pursuant to the Amendment and the other DIP Credit Documents and the Subject Debtors are directed to repay all amounts borrowed, and each Guarantor that is a debtor-in-possession in these bankruptcy cases is further directed to repay all amounts guaranteed, together with interest, premiums (as applicable), fees and expenses thereon and any other outstanding DIP Obligations (as hereafter defined) to the DIP Lender in accordance with and subject to the terms and conditions set forth in the DIP Credit Agreement, as amended pursuant to the Amendment, the other DIP Credit Documents and the Final Order as amended hereby.  All terms, covenants and conditions set forth in the DIP Credit Agreement, as amended pursuant to the Amendment, and in the other DIP Credit Documents are valid, binding and fully enforceable by the DIP Lender against the Subject Debtors and the failure to reference any particular provision of any DIP Credit Documents in this Order shall not affect the validity or enforceability of any such provision.  Pursuant to the terms and conditions of the DIP Credit Agreement, as amended pursuant to the Amendment, the other DIP Credit Documents and the Final Order as amended hereby, the Subject Debtors shall, *inter alia*, be entitled, in the DIP Lender's sole and absolute

discretion, to obtain advances under the DIP Facility subject to the terms, covenants, conditions and limitations set forth in the DIP Credit Agreement as amended pursuant to the Amendment, and in the other DIP Credit Documents and for the specific purposes described therein.

3.      _Validity of Interim Order, Final Order and DIP Credit Documents_.  All claims, liens, remedies, releases and other rights granted to the DIP Lender pursuant to the Interim Order and Final Order, and all rights and obligations of the parties thereunder, shall remain in place and in full force and effect, notwithstanding the entry of this Order. The DIP Credit Agreement, as amended and modified pursuant to the Amendment, and the other DIP Credit Documents have been executed and delivered by the DIP Lender and by the Subject Debtors and all other guarantors of the DIP Facility (collectively, the "Obligors") and constitute valid and binding obligations of the Obligors, enforceable against the Obligors in accordance with the terms thereof, and as to which the Obligors have no setoffs, counterclaims or defenses. No obligation, payment, transfer or grant of security under the DIP Credit Agreement, as amended pursuant to the Amendment, or under the other DIP Credit Documents as authorized by or pursuant to the Interim Order or the Final Order as amended hereby shall be stayed, restrained, voided, voidable, or recoverable under the Bankruptcy Code or under any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim.

4.      Revisions to Certain Definitions in the Final DIP Order and DIP Credit Documents.  All subsequent references in this Order to the DIP Credit Agreement shall refer to the DIP Credit Agreement as amended and modified pursuant to the Amendment. All subsequent references in this Order to the DIP Credit Documents shall refer to the DIP Credit Documents and the Amendment. All references in the Final DIP Order and the DIP Credit Documents to the

45674/0002-6254924v5

- 4 -

DIP Credit Agreement shall refer to and include the DIP Credit Agreement as amended and modified pursuant to the Amendment. All references in the Final DIP Order and the DIP Credit Documents to the DIP Credit Documents shall refer to the DIP Credit Documents and the Amendment as well. All references in this Order and the Final Order to "DIP Obligations" shall mean and include the DIP Obligations described in the Final Order and any additional indebtedness incurred and owed by the Debtors to the DIP Lender as a result of the Debtors Refinance (as hereafter defined) of the lots described in the Amendment with DIP Loans the Debtors receive pursuant to the DIP Facility and/or the Debtors construction of homes on such lots with DIP Loans the Debtors receive pursuant to the DIP Facility.

     5.     *Use of DIP Loans and the Cash Collateral*.  Section 8 on page 19 of the Final Order is hereby modified and amended to read as follows:

"Subject to the terms, covenants, conditions and limitations set forth in the Final Order as amended hereby and in the DIP Credit Documents, the Subject Debtors may use the proceeds of the DIP Loans and cash collateral in existence on the Petition Date in which M&T Bank is secured, in accordance with the Budget (as that term is defined in the Final Order) to: (i) pay interest, fees and expenses in respect of the DIP Facility to the DIP Lender, as provided for in the DIP Credit Documents; (ii) make the adequate protection payments and other payments to M&T Bank as set forth in the DIP Credit Documents, the Budget, the Interim order and the Final Order as amended hereby; (iii) to fund the completion of approximately 109 partially completed homes that are part of M&T Bank's Pre-Petition Collateral; (iv) to fund the Subject Debtors' acquisition of new lots and the construction of homes thereon;

subject, however, to the terms, covenants, conditions and limitations set forth in the DIP Credit Documents; (v) to fund the Subject Debtors' refinance of lots currently owned by one or more of the Subject Debtors that were acquired pre-petition with financing from a lender other than DIP Lender, which refinancing ("Refinance" or "Refinanced") shall include the payment of such portion of any pre-petition indebtedness owed under any liens existing against any such lots to obtain the release of such lots from such pre-petition liens ("Release Price"), and the construction of homes thereon; subject, however, to the terms, covenants, conditions and limitations set forth in the DIP Credit Documents; and (vi) to fund a portion of the general, ordinary course corporate and working capital requirements and overhead of the Obligors, in each case in accordance with the Budget and subject to the terms, covenants, conditions and limitations set forth in the DIP Credit Documents."

6.     _Additional Covenants Regarding Fees and Expenses_.  The Debtors are obliged to pay the DIP Lender, on demand, all costs and expenses of the DIP Lender, including all reasonable fees and expenses of professionals (including, without limitation, legal and financial advisors) engaged by the DIP Lender relating to the negotiation, documentation and administration of this Amendment and the other DIP Credit Documents, and all other fees, expenses, costs and charges, including all reasonable fees and expenses of professionals (including, without limitation, legal and financial advisors) engaged by the DIP Lender owing in respect thereof, regardless of whether any of the fees, expenses, costs and charges described in this paragraph accrued, arose or were incurred prior to, on or after the Petition Date.

45674/0002-6254924v5

7.     *DIP Liens and DIP Collateral*. Section 14 on page 22 of the Final Order is hereby amended to add the following subsection and language:

> *e.*     *Liens On Refinanced Lots and Improvements Thereon.*  Pursuant to Section 364(d)(1) of the Bankruptcy Code, and subject to payment of any required Release Price, valid, binding, continuing, enforceable, fully-perfected first priority senior security interests in and liens and mortgages upon all lots of lots currently owned by one or more of the Subject Debtors which were acquired pre-petition with financing from a lender other than DIP Lender and which are hereafter Refinanced by the Subject Debtors with the proceeds of the DIP Facility, all improvements constructed thereon and all accounts, contracts, plans, specifications, rights, claims, causes of action, general intangibles and other assets of the Subject Debtors relating thereto.

The term "DIP Collateral," as used in the Final Order, this Order and any of the DIP Credit Documents, shall include the various assets of the Subject Debtors described in Section 14 of the Final Order and the various assets of the Subject Debtors described above. The term "DIP Liens," as used in the Final Order, this Order and any of the DIP Credit Documents, shall include the DIP Liens described in Section 14 of the Final Order and the liens being granted to the DIP Lender in the assets of the Subject Debtors described above. All other terms and conditions of Section 14 of the Final Order shall remain unchanged and in full force and effect.

8.     *Priority of DIP Liens*.  Pursuant to the Final Order approving the DIP Lender's post-petition financing pursuant to the DIP Credit Documents, as amended hereby, the DIP Liens: (a) are and shall hereafter constitute first-priority security interests in and liens upon all DIP Collateral that is not otherwise subject to any valid, perfected, enforceable and non-

45674/0002-6254924v5

avoidable lien in existence as of the Petition Date, pursuant to section 364(c)(2) of the Bankruptcy Code; and (b) shall be senior to and prime (i) the Pre-Petition Liens, (ii) the Pre-Petition Replacement Liens, (iii) the Adequate Protection Priority Claims, (iv) any lien or security interest that is avoided and preserved for the benefit of the Debtors and their estates under Section 551 of the Bankruptcy Code, (v) any liens arising after the Petition Date with respect to the DIP Collateral (other than the Unencumbered Property, as to which the DIP Lender's lien rights and other rights thereon shall be *pari passu* with the lien rights and other rights of Regions Bank against the Unencumbered Property), and (vi) any and all other claims, rights or liens against the Debtors in existence as of the Petition Date, which are contractually junior in priority to the Pre-Petition Liens (collectively, the "Primed Liens") pursuant to Section 364(d)(1) of the Bankruptcy Code.

9.    *Automatic Effectiveness of Liens*.    The DIP Liens, the Pre-Petition Replacement Liens, and the Adequate Protection Priority Claims shall not be subject to challenge and shall attach and become valid, perfected, enforceable, non-avoidable and effective by operation of law as of the Petition Date without any further action by the Debtors or the DIP Lender, and without the necessity of execution by the Debtors, or the filing or recordation, of any financing statements, security agreements, vehicle lien applications, mortgages, filings with the U.S. Patent and Trademark Office, or other documents.  All DIP Collateral shall be free and clear of other liens, claims and encumbrances, except the Primed Liens, and other permitted liens and encumbrances as provided in the DIP Credit Agreement (including the liens in favor of Regions Bank on the Unencumbered Property). Pursuant to the Interim Order, the DIP Lender, and this Order, at the expense of the Obligors, previously hereto recorded a number of the DIP Credit

45674/0002-6254924v5

Documents with appropriate recording offices.  If the DIP Lender hereafter requests that the Debtors or any of the Obligors execute and deliver additional financing statements, security agreements, collateral assignments, mortgages, or other instruments and documents considered by the DIP Lender to be reasonably necessary or desirable to further evidence the perfection of the DIP Liens, the Debtors and each of the Obligors are hereby authorized and directed to execute and deliver such financing statements, security agreements, mortgages, collateral assignments, instruments, and documents, and the DIP Lender is hereby authorized, at the expense of the Debtors, to file or record such documents in its discretion, in which event all such documents shall be deemed to have been filed or recorded at the time and on the date of entry of this Final Order.

10.    *DIP Lender's Superpriority Claims*.  In addition to the priming liens and security interests granted to the DIP Lender pursuant to the Interim Order and this Final Order, and the superpriority claims provided for in the Interim Order, and in accordance with Section 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations (including, without limitation, all DIP Loans) as defined above shall constitute allowed superpriority administrative expense claims (collectively, the "DIP Superpriority Claims") with priority over any and all administrative expenses of the Debtors, whether heretofore or hereafter incurred, including but not limited to the kind specified in, or ordered pursuant to, Sections 105, 326, 328, 330, 331, 365, 503(b), 506(c), 507(a), 507(b), 726 and 1114 or any other provision of the Bankruptcy Code.  The DIP Superpriority Claims shall continue in these and any superseding cases under the Bankruptcy Code until all of the DIP Obligations have been satisfied in full in cash.  No claims having administrative priority superior to the DIP Superpriority Claims shall be granted while

45674/0002-6254924v5

any portion of the DIP Obligations remain outstanding, absent the express written consent of the DIP Lender.  Notwithstanding any provision to the contrary in Paragraph 17 or elsewhere in the Final Order, the DIP Superpriority Claims shall not include any of the following:  (i) any of the funds or proceeds from the Gemcraft Capital, LLC post-Petition Date financing, (ii) any asset or property on which any lender of the Subject Debtors has a pre-Petition Date lien on such asset or property, and (iii) any avoidance actions under Chapter V of the Bankruptcy code.  In addition, the DIP Superpriority Claims shall share such superpriority rights on a *pari passu* basis with Regions Bank.

   11. *Beneficiaries of Order*.  The provisions of this Order shall be binding upon and inure to the benefit of the DIP Lender, the Subject Debtors, the other Obligors, and their respective successors and assigns (including, without limitation, any trustee or other fiduciary hereafter appointed for or on behalf of the Debtors' estates or with respect to their property).

   12. *Survival of Order*.  The provisions of the Final Order as amended hereby and any actions taken pursuant thereto (a) shall survive the entry of any order: (i) confirming any plan of reorganization in the Subject Debtors' Chapter 11 Case; (ii) converting the Subject Debtors' Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code; or (iii) dismissing the Subject Debtors' Chapter 11 Cases; and (b) shall continue in full force and effect notwithstanding the entry of any such order.  The claims, liens, and security interests granted pursuant to the Final Order as amended hereby shall maintain their priority as provided by the Final Order as amended hereby until all of the DIP Obligations are indefeasibly paid in full in cash and discharged in accordance with the terms of the DIP Credit Agreement and the other DIP Credit Documents.  The DIP Obligations shall not be modified, altered, discharged or impaired

by any subsequent order (including a confirmation order) or by any plan of reorganization or liquidation in these Chapter 11 Cases or in any subsequent case under the Bankruptcy Code.

13.    *Protection under Section 364(e)*.  If any or all of the provisions of the Final Order as amended hereby are hereafter reversed, modified, vacated or stayed, such reversal, modification, vacation or stay shall not affect (i) the validity of any DIP Obligations or adequate protection obligations owing to the DIP Lender incurred prior to the actual receipt by the DIP Lender of written notice of the effective date of such reversal, modification, vacation or stay, or (ii) the validity priority or enforceability of any claim, lien, security interest or priority authorized or created hereby or pursuant to the DIP Credit Documents with respect to any DIP Obligations or adequate protection obligations owing to the DIP Lender.  Notwithstanding any such reversal, modification, vacation or stay, any use of the cash collateral or the incurrence of DIP Obligations or adequate protection obligations owing to the DIP Lender by the Debtor prior to the actual receipt by the DIP Lender of written notice of the effective date of such reversal, modification, vacation or stay, shall be governed in all respects by the provisions of this Final Order as amended hereby , and the DIP Lender shall be entitled to all of the rights, remedies, protections and benefits granted under Section 364(e) of the Bankruptcy Code, the Final Order as amended hereby, and the DIP Credit Documents with respect to all uses of the cash collateral and the incurrence of DIP Obligations, and adequate protection obligations owing to the DIP Lender.

14.    *Events of Default*.  Except as otherwise provided in the Final Order as amended hereby or to the extent the DIP Lender may otherwise agree in writing, any violation of any of the terms of the Final Order as amended hereby or any occurrence of an "Event of

Default" pursuant to section 9 of the DIP Credit Agreement shall constitute an event of default hereunder ("Event of Default") and entitle the DIP Lender, after five (5) business days written notice to the Subject Debtors, the Committee, the U.S. Trustee and Regions Bank, to immediately exercise and enforce all of the DIP Lender's rights and remedies under the DIP Credit Documents and applicable law.  Nothing in the Final Order as amended hereby is intended to modify or affect the discretionary nature of advances under the DIP Credit Documents.

15.    _Modification of Stay_.  The automatic stay provisions of Section 362 of the Bankruptcy Code are hereby vacated, terminated and modified to the extent necessary to permit the DIP Lender to (a) record all mortgages, indemnity deeds of trust, financing statements and other documents that are executed and delivered by the Subject Debtors to the DIP Lender pursuant to the terms and conditions of the Interim Order, the Final Order as amended hereby and the DIP Credit Agreement; (b) carry out all of the terms and conditions of the Final Order as amended hereby and the DIP Credit Documents; and (c) upon five (5) business days written notice to the Subject Debtors, the Committee, the U.S. Trustee and Regions Bank, or if the only Event of Default is the expiration of the term of the DIP Credit Documents, upon fifteen (15) days written notice to the foregoing parties, to exercise, upon the occurrence and during the continuation of any Event of Default, all rights and remedies provided for in the DIP Credit Documents, and to take any or all of the following actions without further order of or application to this Court:  (i) immediately terminate the Subject Debtors' use of cash collateral and to cease making any DIP Loans to the Subject Debtors; (ii) immediately declare all DIP Obligations to be immediately due and payable from the Obligors as provided in the DIP Credit Agreement; (iii) immediately set off any and all amounts in accounts maintained by the Debtors with the DIP

Lender against the DIP Obligations, or otherwise enforce rights against the DIP Collateral in the possession of the DIP Lender for application towards the DIP Obligations; and (iv) take any other actions or exercise and enforce any other rights or remedies permitted under the Interim Order, the Final Order as amended hereby, the DIP Credit Documents or applicable law to effect the repayment of the DIP Obligations.  Upon the entry of the Final Order as amended hereby, no party in interest shall have the right to contest the enforcement of the remedies set forth in the Final Order as amended hereby or any of the DIP Credit Documents on any basis other than an assertion that no Event of Default has occurred, and, except with respect to such an assertion, no party in interest shall have the right to enjoin any such enforcement under Section 105 of the Bankruptcy Code or otherwise, or to seek any injunctive relief inconsistent with the provisions of the Final Order as amended hereby or the DIP Credit Documents.  The rights and remedies of the DIP Lender specified herein are cumulative and not exclusive of any rights or remedies that the DIP Lender may have under the DIP Credit Documents, applicable law or otherwise.  The Subject Debtors and the other Obligors shall cooperate fully with the DIP Lender and their respective professionals in their exercise of rights and remedies, whether against the DIP Collateral or otherwise.

      16.    <u>Incorporation of Final Order; No Other Modification</u>. The terms and conditions of the Final Order are incorporated herein by reference and made a part hereof as if fully set forth herein. Except as modified by this Order, all other terms and provisions of the Final Order shall remain unchanged, in full force and effect and shall be strictly complied with by the Subject Debtors and the other Obligors going forward and shall fully apply pursuant to this Amendment to Final Order.

17.     Notwithstanding the foregoing, any funds advanced by the DIP Lender pursuant to the Motion and the Final Order shall not constitute a priming first priority lien against any real property secured by a first priority pre-petition lien in favor of The Columbia Bank until such time that The Columbia Bank receives payment from the Debtors of the release prices approved by The Columbia Bank in its sole and absolute discretion to release its lien against such real property.

Date:  January 25, 2010


**CONSENTED AND AGREED TO:**

**Cole, Schotz, Meisel, Forman & Leonard, P.A.**


By:   _____/s/ Irving E. Walker_____
          Irving E. Walker
          *Counsel for the Debtors*



**GEBHARDT & SMITH LLP**


By:   _____/s/ Michael G. Gallerizzo_____
          Michael G. Gallerizzo
          *Counsel for Manufacturers and Traders Trust*
          *Company*

45674/0002-6254924v5

## Certification Pursuant to Admin. Order 03-02, Ex. A, Sec.V.B.1

I HEREBY CERTIFY that the terms of the copy of this Final Order submitted to the Court are identical to those set forth in the original Final Order; and the signatures represented by the /s/ on this copy reference the signatures of consenting parties on the original Final Order.

/s/ Irving E. Walker
Irving E. Walker, Esq.

**\* \* \* END OF ORDER \* \* \***

cc:

Cole, Schotz, Meisel, Forman &
Leonard, P.A.
300 E. Lombard Street, Suite 2000
Baltimore, Maryland 21202
Attn: Irving E. Walker, Esquire

Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
Attn: Michael G. Gallerizzo, Esquire

Office of U.S. Trustee
101 W. Lombard Street, Suite 2625
Baltimore, Maryland 21201
Tel:  (410) 962-4300
Fax: (410) 962-3537

Attached Service List

45674/0002-6254924v5

- 15 -

**Service List**

84 LUMBER, LP
1019 RT 519
EIGHT-FOUR, PA 15330

B&F DRYWALL INC
815 LITTLE EGYPT RD
ELKTON, MD 21921-2150

BB&T OF MD BUSINESS LOAN CENTER
PO BOX 580003
CHARLOTTE, NC 28258

BISHOP, DANEMAN & SIMPSON, LLC
ATTN:  LORI S. SIMPSON, ESQ.
ATTY FOR DIXIE CONSTRUCTION CO., INC.
2 NORTH CHARLES ST., STE. 500
BALTIMORE, MD 21201

BUILDERS FIRST SOURCE-ALTANTIC GROUP
INC
18 INDUSTRIAL DRIVE
NORTH EAST, MD 21901

CHESAPEAKE PLUMBING & HEATING INC
34913 DELAWARE AVE
FRANKFORD, DE 19945

CHESTER H. HOBBS, IV, ESQ.
ATTY FOR TESTERMAN ELECTRICAL CO. INC.
21 WEST SUSQUEHANNA AVENUE
TAWSON, MD 21204

CLEAR CHANNEL OUTDOOR
ATT: CORPORATE BANKRUPTCY SPECIALIST
P.O. BOX 591790
SAN ANTONIO, TX 78259

COLE SCHOLTZ MEISEL FORMAN & LEONARD,
PA
ATTN: GARY LEIBOWITZ
300 EAST LOMBARD STREET
SUITE 2000
BALTIMORE, MD 21202

COLE SCHOLTZ MEISEL FORMAN & LEONARD,
PA
ATTN: IRVING WALKER
500 DELAWARE AVENUE
SUITE 1410
WILMINGTON, DE 19801

COLUMBIA BANK
ATTN:  LOAN SERVICING
P.O. BOX 1493
COLUMBIA, MD 21044

COON & COLE, LLC
ATT: CURTIS C. COON
ATTY FOR STONEBRIDGE BANK
401 WASHINGTON AVENUE, SUITE 501
BALTIMORE, MD 21204

45674/0002-6254924v5

COON & COLE, LLC
ATT: CURTIC C. COON
ATTY FOR BENFIELD ELECTRIC CO., INC.
401 WASHINGTON AVENUE, SUITE 501
BALTIMORE, MD 21204

COUNTY BANK
19927 SHUTTLE ROAD
REHOBOTH BEACH, DE 19971

D & W MASON
C/O JOHN P. DOWNS, ESQ.
105 SOUTH STREET
ELKTON, MD 21921

DILWORTH PAXON LLP
ATT: BRETT WILTSEY, ESQ.
LIBERTY VIEW ; 457 HADDONFIELD RD.
P.O. BOX 2570
CHERRY HILL, NJ 08034

DLA PIPER US, LLP
ATTN: RICHARD KREMEN & JODIE BUCHMAN
THE MARBURY BUILDING
6225 SMITH AVENUE
BALTIMORE, MD 21209-3600

DUANE R. DEMERS, ESQ.
ATTY FOR J & M DRYWALL, INC.
12800 MIDDLEBROOK ROAD, SUITE 410
GERMANTOWN, MD 20894

ENVIRONMENTAL MATERIALS
98 PHEASANT RUN ROAD
ORWIGSBURG, PA 17961

FIRST HORIZON
9515 DEERECO RD. STE 302
TIMONIUM, MD 21093

FLOW RITE INC
102 COUNTRY WOODS DRIVE
BEAR, DE 19701

FOX ROTHSCHILD LLP
ATTN: SHARON ORAS MORGAN, J BRECK SMITH
NEAL LEVITSKY & SETH NIEDERMAN
919 NORTH MARKET STREET, SUITE 1300
WILMINGTON, DE 19801-2323

FOX ROTHSCHILD LLP
ATT: J. BRECK SMITH, N. J. LEVITSKY, ESQ
919 N. MARKET STREET, SUITE 1300
P.O. BOX 2323
WILMINGTON, DE 19801

FOX ROTHSCHILD LLP
ATT: J.BRECK SMITH, N.J. LEVITSKY, ESQ.
919 N. MARKET STREET, SUITE 1300
P.O. BOX 2323
WILMINGTON, DE 19801

45674/0002-6254924v5

FRED C. JOHNSON CO., INC.
7057 KIT KAT ROAD
ELKRIDGE, MD 21075-6488

FTI CONSULTING, INC.
ATTN THOMAS D. BIBBY
2001 ROSS AVENUE
SUITE 400
DALLAS, TX 75201

GALLAGHER EVELIUS & JONES LLP
ATT: THOMAS C. DAME
ATTY FOR INTEGRITY BANK
218 N. CHARLES STREET, SUITE 21201
BALTIMORE, MD 21201

GALLAGHER EVELIUS & JONES LLP
ATT: DAVID G. SOMMER
ATTY FOR INTEGRITY BANK
218 N.CHARLES STREET, SUITE 400
BALTIMORE, MD 21201

GE MONEY BANK
C/O RECOVERY MANAGEMENT SYSTEMS
CORP.
ATT: RAMESH SINGH
25 SE 2ND AVE. SUITE 1120
MIAMI, FL 33131

GEBHARDT & SMITH LLP
ATT: J. HARDMAN, ESQ.
ATTY FOR MANUFACTURERS & TRADERS CO
ONE SOUTH STREET, SUITE 2200
BALTIMORE, MD 21202

GEBHARDT & SMITH LLP
ATT: MICHAEL G. GALLERIZZO, ESQ.
ATTY FOR MANUFACTURERS & TRADERS
TRUST
ONE SOUTH STREET, SUITE 2200
BALTIMORE, MD 21202

GEBHARDT & SMITH LLP
ATTN: MICHAEL GALLERIZZO
ONE SOUTH STREET
SUITE 2200
BALTIMORE, MD 21202

GEMCRAFT HOMES, INC
2205 COMMERCE ROAD
SUITE A
FOREST HILL, MD 21050

GEO-TECHNOLOGY ASSOCIATES, INC
C/O BRETT WILTSEY, ESQ
457 HADDONFIELD ROAD, SUITE 700
PO BOX 2570
CHERRY HILL, NJ 08034

GORDON, FEINBLATT,ROTHMAN,H&H, LLC
ATT: L.COPPEL & B. SWALLOW, ESQ.
ATTY FOR HARFORD BANK
233 EAST REDWOOD STREET
BALTIMORE, MD 21202

GORDON'S LANDSCAPING LLC
733 FISHING CREEK ROAD
NEW CUMBERLAND, PA 17070

45674/0002-6254924v5

H. WAYNE NORMAN, JR., P.A.
ATT: H. WAYNE NORMAN, JR.
ATTY FOR TAYLOR CREEK, INC.
808 SOUTH MAIN STREET
BEL AIR, MD 21014

HALL MECHANICAL & ASSOCIATES INC.
707 BELAIR AVE
FRONT ROYAL, VA 22630

HARFORD BANK
MAIN STREET
BEL AIR, MD 21014

HD WATER SUPPLY
400 NORTH PHILADELPHIA ROAD
ABERDEEN, MD 21001

HUGH. M. BERNSTEIN
UNITED STATES TRUSTEES OFFICE
101 W. LOMBARD, #2625
BALTIMORE, MD 21201

INTEGRITY BANK
3345 MARKET STREET
CAMP HILL, PA 17011

JC CUSTOM TRIM
C/O JOHN P. DOWNS, ESQ.
105 SOUTH STREET
ELKTON, MD 21921

JEFFREY H. SCHERR
ON BEHALF OF DEBTOR GEMCRAFT HOMES,
INC.
ONE SOUTH STREET, SUITE 2600
BALTIMORE, MD 21202-3201

JEFFREY POTTER PA
427 ST MARY'S ROAD
PYLESVILLE, MD 21132

KEKA CONTRACTORS INC.
15 CURLEW COURT
REHOBOTH BEACH, DE 19971

KEVIN T. OLSZEWSKI, P.A.
ATT: KEVIN T. OLSZEWSKI
ATTY FOR S & L PLIMBING, INC.
5 SOUTH HICKORY AVENUE
BELAIR, MD 21014

KLEHR,HARRISON,HARVEY,BRANZBURG
&ELLERS
ATT: DOMENIC E. PACITTI, ESQ.
ATTY FOR PNC BANK
919 MARKET STREET, SUITE 1000
WILMINGTON, DE 19801

L & W SUPPLY CORPORATION
9714 PULASKI HIGHWAY
BALTIMORE, MD 21220-1408

LAKESIDE CONCRETE ENTERPRISES INC.
9950 POCAHONTAS TRAIL
PROVIDENCE FORGE, VA 23140

LAW OFFICES OF ANTHONY J. DIPAULA, P.A.
ATT: ANTHONY J. DIPAULA
ATTY FOR SMART ENERGY SYSTEMS, INC.
34 SOUTH MAIN STREET
BEL AIR, MD 21014

LAW OFFICES OF ANTHONY J. DIPAULA, P.A.
ATT: ANTHONY J. DIPAULA
ATTY FOR THOMAS J. ANGELOZZI, INC.
34 SOUTH MAIN STREET
BEL AIR, MD 21014

LOGAN, YUMKAS, VIDMAR & SWEENEY, LLC
ATT: J. VIDMAR & L. YUMKAS, ESQ.
ATTY FOR GEMCRAFT CAPITAL, LLC
2530 RIVA ROAD, SUITE 400
ANNAPOLIS, MD 21401

LOGAN, YUMKAS, VIDMAR & SWEENEY, LLC
ATTN: JAMES VIDMAR
2530 RIVA ROAD
SUITE 400
ANNAPOLIS, MD 21401

LOUDOUN STAIRS INC
341 N MAPLE AVENUE
PURCELLVILLE, VA 20132

M&T BANK
25 SOUTH CHARLES ST, 11TH FL
BALTIMORE, MD 21201

MARK A. NEAL
ASSISTANT UNITED STATES TRUSTEE
101 W. LOMBARD STREET
SUITE 2625
BALTIMORE, MD 21202

MARK S. DEVAN
ATTY FOR SLAVIE FEDERAL SAVINGS BANK
606 BALTIMORE AVENUE, SUITE 302
TOWSON, MD 21201

MCGUIRE WOODS LLP
ATT: J.VAN HORN, J. E. MORRISON
ATTY FOR WACHOVIA BANK, N.A.
7 SAINT PAUL STREET; SUITE 1000
BALTIMORE, MD 21202

MCGUIREWOODS LLP
ATT: DAVID I. SWAN, ESQ.
ATTY FOR 84 LUMBAR COMPANY
1750 TYSONS BLVD., SUITE 1800
MCLEAN, VA 22102

45674/0002-6254924v5

MEHLMAN, GREENBLATT & HARE, LLC
ATT: GARY R. GREENBLATT, ESQ.
ATTY FOR HALL MECHANICAL ASSOCIATES,
INC
723 SOUTH CHARLES STREET, SUITE LL3
BALTIMORE, MD 21230


MORRIS INDUSTRIES INC
P O BOX 785
MIDLOTHIAN, VA 23113


OBER KALER
ATTN: DAVID S. MUSGRAVE
120 EAST BALTIMORE STREET
SUITE 800
BALTIMORE, MD 21202


OBER, KALER, GRIMES & SHRIVER, PC
ATT: DAVID S. MUSGRAVE, ESQ.
ATTY FOR REGIONS BANK
120 EAST BALTIMORE STREET, NINTH FLOOR
BALTIMORE, MD 21202


OFFIT KURFMAN, P.A.
ATT: JOSEPH J. BELLINGER, ESQ.
ATTY FOR PNC BANK
8171 MAPLE LAWN BLVD, SUITE 200
MAPLE LAWN, MD 20759


PATAPSCO BANK
ATTN: FRANCIS C. BROCCOLINO
2028 EAST JOPPA ROAD
BALTIMORE, MD 21234


MEISELMAN, SALZER, INMAN & KAMINOW,
P.C.
ATT: DAVID M. KAMINOW
ATTY FOR AMERICAN RESIDENTIAL SERVICES
611 ROCKVILLE PIKE, SUITE 225
ROCKVILLE, MD 20852


MORRIS RICHIE ASSOCIATES, INC.
C/O BRETT WILSEY, ESQ
457 HADDONFIELD ROAD, SUITE 700
PO BOX 2570
CHERRY HILL, NJ 08034


OBER, KALER, GRIMES & SHRIVER PC
ATT: JEFFREY GREENBERG & DAVID
MUSGRAVE
ATTY FOR REGIONS BANK
120 EAST BALTIMORE STREET, NINTH FLOOR
BALTIMORE, MD 21202


OFFICE OF NVR
ATTN: ROBERT A. HARRIS, IV
8270 GREENSBORO DRIVE
MCLEAN, VA 22102


ORRSTOWN BANK
ATTN: PAUL BAYNUM, VP
427 VILLAGE DRIVE
CARLISLE, PA 17015


PNC BANK
COMMERICAL LOAN OPERATIONS
P O BOX 747046
PITTSBURGH, PA 15274

45674/0002-6254924v5

QUAGLIANO & SEEGER, PC
ATT: NANCY D. GREENE, ESQ.
ATTY FOR SITE MAINTENANCE EASTERN
SHORE
21355 RIDGETOP CIRCLE, SUITE 110
DULLES, VA 20166

RAM T CORPORATION
PO BOX 72265
THORNDALE, PA 19372

REGAER & ADLER, PC
ATTN: THOMAS WILLIAMS & PETER WILSON
2331 MARKET STREET
CAMP HILL, PA 17011

REGAL BANK
ATTN: JAMIE GRONNING
10123 REISTERTOWN RD
OWINGS MILLS, MD 21117

REGIONS BANK
ATTN: KEVIN BARRON
ONE GLENDALE PARKWAY
SUITE 400
ATLANTA, GA 30328

REGIONS COMMERCIAL LOANS
ATTN: MICHELLE SPEARS
3957 WESTERRE PKWY STE 140
HENRICO, VA 23233-1320

REICO
6790 COMMERCIAL DRIVE
SPRINGFIELD, VA 22151

RONALD B. KATZ, P.A.
ATT: RONALD B. KATZ, ESQ.
ATTY FOR FRED C. JOHNSON CO., INC.
11403 CRONRIDGE DRIVE, SUITE 230
OWNINGS MILLS, MD 21117

ROSEN HOOVER P.A.
ATT: C. DIAMOND & G. IOTINA, ESQ.
ONE CHARLES CENTER
100 N. CHARLES STREET, SUITE 1010
BALTIMORE, MD 21201

ROSENBERG MARTIN GREENBERG, LLP
ATT: LOUIS J. EBERT
ATTY FOR BRANCH BANKING & TRUST CO
25 SOUTH CHARLES STREET, SUITE 2115
BALTIMORE, MD 21201

RUSSELL CAIAZZO
9001 FOREST MILL CT #102
OWINGS MILLS, MD 21117

SARAH D. MANN, ESQ.
ATTY FOR TESTERMAN ELECTRICAL CO. INC.
21 WEST SUSQUEHANNA AVENUE
TAWSON, MD 21204

45674/0002-6254924v5

SCHULMAN, TREEM, KAMINKOW
& GILDEN, PA
ATT: ROBERT SCHULMAN, ESQ.
THE WORLD TRADE CENTER
401 EAST PRATT STREET STE. 1800 18FL.
BALTIMORE, MD 21202

SCOTT H. MARCUS & ASSOCIATES
ATT: SCOTT H. MARCUS, ESQ.
ATTY FOR CANON FINANCIAL SERVICES, INC.
121 JOHNSON ROAD
TURNERSVILLE, NJ 08012

SLAVIE FEDERAL SAVINGS BANK
1614 CHURCHVILLE ROAD
BEL AIR, MD 21015

STONEBRIDGE BANK
P O BOX 801
FOREST HILL, MD 21050

THE FIFTH THIRD BANK
ATTN: GREGORY ULLMAN
700 VIRGINIA ST E  -  SUITE 10
CHARLESTON, WV 25301

THE GARDEN CITY GROUP, INC.
ATTN: BRIAN KARPUK
190 S. LASALLE STREET
SUITE 1520
CHCIAGO, IL 60603

THE LAW OFFICES OF ZVI GUTTMAN, P.A.
ATTN:  ZVI GUTTMAN, ESQ.
ATTY FOR KEKA CONTRACTORS, INC.
P.O. BOX 32308
BALTIMORE, MD 21282

THE LAW OFFICES OF ZVI GUTTMAN, P.A.
ATTN:  ZVI GUTTMAN, ESQ.
ATTY FOR CHESAPEAKE PLUMBING& HEATING
P.O. BOX 32308
BALTIMORE, MD 21282

TYDINGS & RESENBERG LLP
ATT: MARIA ELLENA CHAVES-RUARK, ESQ.
ATTY FOR UNSECURED CREDITORS
COMMIITTEE
100 EAST PRATT STREET, 26TH FLOOR
BALTOMORE, MD 21202

TYDINGS & ROSENBERG LLP
ALAN M. GROCHAL, ESQ.
100 EAST PRATT STREET
26TH FL.
BALTIMORE, MD 21202

TYDINGS & ROSENBERG LLP
ATT: ALAN M. GROCHAL, ESQ.
ATTY FOR UNSECURED CREDITORS
COMMITTEE
100 EAST PRATT STREET, 26TH FLOOR
BALTIMORE, MD 21202

TYDINGS & ROSENBERG LLP
ATT: CATHERINE K. HOPKIN, ESQ.
ATTY FOR UNSECURED CREDITORS
COMMITTEE
100 EAST PRATT STREET, 26TH FLOOR
BALTIMORE, MD 21202

45674/0002-6254924v5

WACHOVIA
COMMERCIAL LOAN PAYMENT CENTER
P.O. BOX 740502
ATLANTA, GA 30374-0502

45674/0002-6254924v5